EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Carlos E. Géigel Bunker | 2022 TSPR 87<br><br>209 DPR |

Número del Caso: TS-10,537


Fecha: 30 de junio de 2022


Oficina del Procurador General:

        Lcda. Yaizamarie Lugo Fontánez
        Procuradora General Auxiliar

        Lcda. Juliana N. Castro Ramos
        Procuradora General Auxiliar


Comisionada Especial:

        Hon. Crisanta González Seda



Materia: Suspensión inmediata e indefinida del ejercicio de la abogacía al amparo de la Regla 15 del Reglamento del Tribunal Supremo.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos E. Géigel Bunker

TS-10,537

PER CURIAM

En San Juan, Puerto Rico, a 30 de junio de 2022.

Una vez más nos vemos obligados a ejercer nuestra facultad inherente para reglamentar la práctica de la abogacía para suspender indefinidamente de su ejercicio a un miembro de la profesión como medida de protección social. Seguimos el proceso establecido en la Regla 15 del Reglamento del Tribunal Supremo, <u>infra</u>, porque el abogado no se encuentra en condiciones aptas para ejercer adecuadamente las funciones propias de la profesión.

I

El Sr. Carlos E. Géigel Bunker fue admitido al ejercicio de la abogacía el 1 de julio de 1993 y prestó juramento como notario el 10 de agosto de 1993.

Posteriormente, el 26 de abril de 2012 renunció voluntariamente al ejercicio de la notaría.

El 19 de octubre de 2021 le notificamos al señor Géigel Bunker que habíamos advenido en conocimiento de una sentencia emitida el 21 de enero de 2021 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en los casos KIS2019G0030 y KIS2019M0003, en los que el abogado se declaró no culpable, por inimputabilidad, de los delitos de actos lascivos y exposición obscena.

Así, a la luz de los documentos ante nuestra consideración, le concedimos término al letrado para que mostrara causa por la que no debía ser suspendido provisionalmente del ejercicio de la abogacía como medida protectora y simultáneamente iniciar el proceso establecido en la Regla 15 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, para auscultar su capacidad mental para ejercer la profesión. Oportunamente, el señor Géigel Bunker compareció y expresó estar conforme con iniciar el procedimiento establecido en la Regla 15 del Reglamento del Tribunal Supremo, _supra_.

En vista de esto, el 27 de octubre de 2021 emitimos una _Resolución_ en la que ordenamos el inicio del procedimiento establecido en la Regla 15(c) del Reglamento del Tribunal Supremo, _supra_. Además, notificamos a la Oficina del Procurador General para que este participara del proceso según lo instruye la citada regla. Por último, se nombró a la Lcda. Crisanta González Seda, exjueza del

Tribunal de Primera Instancia, para que en calidad de Comisionada Especial recibiera prueba sobre la capacidad mental del señor Géigel Bunker y nos rindiera un informe en conformidad con la Regla 15(c) del Reglamento del Tribunal Supremo, supra. Asimismo, concedimos un término para que se asignara el panel de tres médicos psiquiatras que evaluarían al letrado, según dispone la precitada Regla. En cumplimiento con nuestras órdenes, la Comisionada Especial emitió una *Orden* dirigida tanto al señor Géigel Bunker como a la Oficina del Procurador General para que designaran sus médicos psiquiatras de preferencia.

Seguido el trámite de rigor, la Oficina del Procurador General nombró a la Dra. Cynthia Casanova, la Comisionada Especial nombró al Dr. José Franceschini y el señor Géigel Bunker designó a la Dra. Marie Arroyo Carrero como su perito.

Luego de varios tramites procesales, la doctora Casanova, perito de la Oficina del Procurador General y el doctor Franceschini, perito de la Comisionada Especial, presentaron sus respectivos informes, según establece la Regla 15(c) del Reglamento del Tribunal Supremo, supra. En el caso de la doctora Arroyo Carrero, perito del señor Géigel Bunker, esta presentó una *Moción informativa* indicando que estaba imposibilitada de continuar ejerciendo sus funciones como miembro del Panel de Siquiatras.

Así las cosas, dos días luego de la comunicación de la doctora Arroyo Carrero, el señor Géigel Bunker envió un

mensaje por correo electrónico a la Secretaria Auxiliar del Tribunal Supremo, en el que indicó que "[m]ediante la presente, desistimos de la práctica de la abogacía". Producto de esta comunicación, la Comisionada Especial emitió una *Resolución y Orden* en la que determinó que el mensaje del señor Géigel Bunker se interpretaba como "una renuncia a continuar su participación en este procedimiento y que se mantenga la suspensión decretada por el Honorable Tribunal". Resolución y Orden de 22 de febrero de 2022. Por lo tanto, "[a]nte esa situación y teniendo el beneficio de dos informes de los restantes componentes del Comité ordenado por el Tribunal, damos el asunto por sometido … y procederemos a redactar y presentar…, el informe sobre el resultado de esta encomienda…". Íd. Esta *Resolución y Orden* fue notificada a todas las partes.

Sometido el caso para su resolución, la Comisionada Especial presentó su Informe el 18 de abril de 2022. Para ello, además de contar con la prueba que constaba en el expediente, tuvo el beneficio de evaluar los informes sometidos por la doctora Casanova y el doctor Franceschini. La doctora Casanova expuso que luego de evaluar y estudiar el historial médico del señor Géigel Bunker, aunque este "al presente cumple con su tratamiento … permanece inestable, con delirios de grandeza, pobre introversión [,] problemas de memorias y disfunción de sus funciones ejecutivas por lo cual se recomienda pruebas neuropsicológicas para esclarecer su funcionamiento".

<u>Informe de la Comisionada Especial</u>, pág. 9. Además, entendió que el señor Géigel Bunker padece de problemas neurocognitivos que pudieran impactar su desempeño como abogado. <u>Íd</u>., págs. 9-10.

Por su parte, el doctor Franceschini concluyó que el señor Géigel Bunker "[t]iene una enfermedad mental severa, con múltiples hospitalizaciones y pobre introspección al punto que se le tiene que hospitalizar involuntariamente. No tiene control de su enfermedad y no reconoce cu[á]ndo necesita ayuda inmediata u hospitalización". <u>Íd</u>., pág. 11. Por ello, entendió que el señor Géigel Bunker "no está capacitado para continuar ejerciendo su función de abogado, ya que sus actuaciones lo hacen muy vulnerable a cometer actos de pobre impulso". <u>Íd</u>.

Así las cosas, la Comisionada Especial concluyó que, de toda la evidencia que consta en el expediente, queda demostrado que el señor Géigel Bunker tiene una enfermedad mental severa con múltiples hospitalizaciones. De igual forma, tiene una pobre introspección y no controla su enfermedad. Por último, tiene algo de grandiosidad, se proyecta defensivo, experimenta pérdida de memoria y no puede atemperar su conducta al cumplimento con las leyes penales y los cánones de ética que regulan la profesión legal. Es por todo lo anterior que nos recomendó que separemos al letrado indefinidamente del ejercicio de la profesión legal, como una medida de protección social. <u>Íd</u>., págs. 17,18,20 y 21.

Sometido el Informe de la Comisionada Especial y sin recibir respuesta de las partes, el caso de referencia quedó sometido en los méritos para su adjudicación por este Tribunal el 23 de mayo de 2022.

II

La Regla 15 del Reglamento del Tribunal Supremo, supra, cumple con el propósito de establecer el procedimiento para separar indefinidamente a un abogado del ejercicio de la abogacía cuando no pueda desempeñarse de manera competente y adecuada por razón de una condición mental o emocional. In re Pagán Hernández, 2021 TSPR 97, 207 DPR_ (2021); In re Chiqués Velázquez, 201 DPR 969, 971 (2019). En esos casos, este Tribunal designará a un Comisionado Especial que se encargará de recibir, investigar y evaluar prueba sobre la incapacidad mental del abogado, así como de dirimir la credibilidad de cualquier prueba testifical que se presente. In re Pagán Hernández, supra; In re Morales Soto, 134 DPR 1012 (1994).

Así, en su inciso (c), la Regla 15 de nuestro Reglamento, supra, establece que con el propósito de examinar al abogado se designarán tres (3) peritos psiquiatras, los cuales rendirán sus respectivos informes con sus conclusiones. Estas personas son designadas sucesivamente por el Comisionado o Comisionada Especial, por el Procurador General y por el abogado. Íd.; In re Pagán Hernández, supra. Sometido el informe del Comisionado

Especial, el Tribunal resolverá lo que en derecho proceda. Regla 15(g) del Reglamento del Tribunal Supremo, supra.

Conforme con lo anterior y a tenor con nuestro poder inherente para regular la profesión de la abogacía, hemos expresado que "[c]uando la condición mental, física, emocional de un abogado no le permite ejercer cabal y adecuadamente todas las funciones y los deberes propios de la práctica de la abogacía, es menester suspender indefinidamente del ejercicio de la profesión legal al letrado mientras subsista su incapacidad". In re Pagán Hernández, supra; In re Valentín Maldonado, 178 DPR 906, 911 (2010) (citando a In re Manzano Velázquez, 177 DPR 581 (2009)). Es menester recordar que esta suspensión indefinida no representa una sanción disciplinaria, sino únicamente una medida de protección social. In re Pagán Hernández, supra; In re Chiqués Velázquez, supra, pág. 972; In re López Morales, 184 DPR 334 (2012); In re Valentín Maldonado, supra, pág. 911.

Luego de evaluar el informe que presentó la Comisionada Especial, en conjunto con la evidencia que consta en el expediente del caso, coincidimos con la Comisionada Especial en que el señor Géigel Bunker no está en condiciones de asumir competente y adecuadamente su responsabilidad como abogado. En consecuencia, conforme a la Regla 15(g) del Reglamento del Tribunal Supremo, supra, separamos al señor Géigel Bunker inmediata e indefinidamente del ejercicio de la profesión hasta tanto

queden superadas las condiciones que impiden que este ejerza la profesión cabalmente.

### III

Por los fundamentos expuestos, se acoge la recomendación que emitió la Comisionada Especial, y se suspende inmediata e indefinidamente del ejercicio de la abogacía al Sr. Carlos E. Géigel Bunker. Esta suspensión estará vigente hasta que el abogado pueda acreditar que se encuentra capacitado para ejercer la profesión nuevamente. Esta suspensión no constituye un desaforo, sino una medida de protección social. Se le impone al señor Géigel Bunker el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá informar oportunamente su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Por último, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Carlos E. Géigel Bunker

                       TS-10,537


SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2022.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de esta Sentencia, se acoge la recomendación que emitió la Comisionada Especial, y se suspende inmediata e indefinidamente del ejercicio de la abogacía al Sr. Carlos E. Géigel Bunker. Esta suspensión estará vigente hasta que el abogado pueda acreditar que se encuentra capacitado para ejercer la profesión nuevamente. Esta suspensión no constituye un desaforo, sino una medida de protección social. Se le impone al señor Géigel Bunker el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá informar oportunamente su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Por último, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo